1  Raymond J. Tittmann, No. 191298
2  Robert D. Whitney, No. 296015
   **TITTMANN WEIX LLP**
3  One Market, Spear Tower, 36th Floor
4  San Francisco, California 94105
   Phone: (415) 851-0530
5  rtittmann@tittmannweix.com
6  rwhitney@tittmannweix.com

7  Attorneys for Plaintiff Voyager Indemnity Insurance Company

8
9  Paul T. Llewellyn, No. 216887
   Kenneth M. Walczak, No. 247389
10 **LEWIS & LLEWELLYN LLP**
   601 Montgomery Street, Suite 2000
11 San Francisco, California 94111
12 Phone: (415) 800-0590
   pllewellyn@lewisllewellyn.com
13 kwalczak@lewisllewellyn.com

14 Attorney for Plaintiffs Mato Miloglav, Mare Miloglav and
15 Annette Ivanko

16                    UNITED STATES DISTRICT COURT
17           NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION
18

19 | VOYAGER INDEMNITY INSURANCE | Case No. 5:20-cv-07722 |
20 | COMPANY, MATO MILOGLAV, MARE MILOGLAV, and ANNETTE | |
21 | IVANKO, | **COMPLAINT FOR DECLARATORY RELIEF, CONTRIBUTION, BREACH OF CONTRACT, AND BAD FAITH** |
22 |     Plaintiffs, | |
23 |         v. | |
24 | BLACKBOARD SPECIALTY INSURANCE COMPANY, INC. as | |
25 | successor in interest to HAMILTON SPECIALTY INSURANCE COMPANY, | |
26 | INC., | |
27 |     Defendant | |

28

Plaintiffs VOYAGER INDEMNITY INSURANCE COMPANY, MATO MILOGLAV, MARE MILOGLAV, and ANNETTE IVANKO, by and through their respective undersigned counsel, for their Complaint against Defendant BLACKBOARD SPECIALTY INSURANCE COMPANY, as successor in interest to HAMILTON SPECIALTY INSURANCE COMPANY, INC. hereby allege and state as follows:

## INTRODUCTION

1. This is an action for declaratory relief, contribution, breach of contract, and bad faith failure to defend against Defendant BLACKBOARD SPECIALTY INSURANCE COMPANY, as successor in interest to HAMILTON SPECIALTY INSURANCE COMPANY, INC. ("Hamilton"). It arises as a result of Hamilton's declination of a defense to its insureds, both the named insured Plaintiffs MATO MILOGLAV and MARE MILOGLAV and their daughter and real estate manager Plaintiff ANNETTE IVANKO, and refusal to participate in such defense with a carrier currently providing those respective defenses, Plaintiff VOYAGER INDEMNITY INSURANCE COMPANY (collectively with the Miloglavs and Ivanko, the "Plaintiffs").

2. As a result of Hamilton's refusal to participate in the defense, Voyager has expended its own funds to defend the Miloglavs and Ivanko. Additionally, both the Miloglavs and Ivanko have incurred and continue to incur defense costs beyond those covered under the Voyager policy. The Miloglavs and Ivanko would not have otherwise incurred these costs had Hamilton complied with its contractual obligations and participated in the defense of its insureds. Hamilton has unreasonably denied a defense to the Miloglavs and Ivanko, causing all Plaintiffs to incur additional costs that they would not otherwise have expended had Hamilton complied with its duties under its policy and governing California law.

## PARTIES

3. Voyager is a corporation organized and existing under the laws of the state of Georgia and operates its principal place of business in Atlanta, Georgia. At all times relevant to this Complaint, Voyager is and has been authorized to transact the business of

insurance, and does transact the business of insurance, in the state of California.

4. Mato Miloglav is a natural person who is a citizen of the State of California and a resident of this judicial district.

5. Mare Miloglav is a natural person who is a citizen of the State of California and a resident of this judicial district.

6. Ivanko is a natural person who is a citizen of the State of California and a resident of this judicial district. Ivanko is Mato Miloglav and Mare Miloglav's daughter, and the plaintiffs in the underlying lawsuit allege that at all times relevant to the action, she served as the Miloglavs' real estate manager.

7. Upon information and belief, Hamilton is or was a corporation organized and existing under the laws of the State of Delaware and operates or operated its principal place of business in New York, New York.

8. Upon information and belief, in or about 2018 Hamilton transferred its interests to Blackboard Specialty Insurance Company, including but not limited to, its interests and obligations under the Hamilton insurance policy at issue in this matter.

9. Upon information and belief, Blackboard is a corporation organized and existing under the laws of the State of Delaware and operates its principal place of business in Princeton, New Jersey.

**JURISDICTION AND VENUE**

10. <u>Jurisdiction</u>: This Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. This Court has jurisdiction over Plaintiffs' declaratory judgment cause of action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such a declaration, whether or not further relief is or could be sought."

12. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391,

because a substantial part of the events or omissions giving rise to this claim occurred in Santa Clara County, which is situated within this district. Venue is also proper because this action concerns an underlying case styled as *Summer Lewis, et al. v. Mato Miloglav, Individually and as Trustee for the Mato and Mare Miloglav Trust, et al.*, Case No. 18CV03218 (the "Underlying Lawsuit") that is currently proceeding in the Superior Court of California, County of Santa Cruz, a court located in a county situated within this district.

13. <u>Intradistrict Assignment</u>: Pursuant to Civil L.R. 3-5(b) and 3-2(c) and (e), this civil action arises out of Santa Clara and Santa Cruz Counties and should therefore be assigned to the San Jose Division.

## FACTUAL BACKGROUND

### A. The Policies

14. Hamilton issued policy number AAHS1000009104 to named insureds Mare and Mato Miloglav, effective from March 1, 2017 to March 1, 2018. The Hamilton Policy provides a $1 million per occurrence limit, a $1 million limit for Personal & Advertising Injury, and is subject to a General Aggregate limit of $2 million.

15. Upon information and belief, a true, correct, and complete copy of a policy issued by Hamilton to the Miloglavs for the policy period of March 1, 2016 to March 1, 2017 is attached to this Complaint as **Exhibit 1**.

16. Upon information and belief, the Declarations Page for the Hamilton Policy is attached to this Complaint as **Exhibit 2**.

17. Upon information and belief, the provisions of the Hamilton Policy are identical or substantially similar to those in the 2016-17 policy Hamilton issued to the Miloglavs.

18. Upon information and belief, the Hamilton Policy's "Other Insurance" provisions provide, in relevant part, as follows:

///

///

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\* \* \* \*

**4.  Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

\* \* \*

**c. Method of Sharing**

If all other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

19. Upon information and belief, the Hamilton Policy's "Who is an Insured" provision provides, in relevant part, as follows:

**SECTION II – WHO IS AN INSURED**

\* \* \* \*

**2.**  Each of the following is also an insured:

\* \* \*

**b.** Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

20. Voyager issued Commercial Lines Policy number AMW 003988 to named insureds Mare & Mato Miloglav, effective from March 1, 2018 to March 1, 2019. The Voyager Policy provides a $1 million per-occurrence limit and is subject to a $2 million General Aggregate limit.

21. A true, correct, and complete copy of the Voyager Policy is attached to this Complaint as **Exhibit 3**.

22. The Voyager Policy's "Other Insurance" provisions provide, in relevant part, as follows:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

* * * *

**4.    Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**b. Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.

* * *

**c. Method of Sharing**

If all other insurance permits contribution by equal shares, we will follow this method also. Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

23.    Subject to a complete reservation of its rights under its policy and at law, Voyager agreed to defend the Miloglavs against the Underlying Lawsuit.

24.    Subject to a complete reservation of its rights under its policy and at law, Voyager agreed to defend Ivanko against the Underlying Lawsuit.

**B. The Underlying Lawsuit**

25.    On October 31, 2018, Plaintiffs Summer Lewis, individually; Summer Lewis as Guardian ad Litem for Minors Sophia Obledo, Savannah Obledo, and Scarlett Obledo; Evangeline Lewis; and Zachariah Lewis (together, the "Underlying Plaintiffs") filed the Underlying Lawsuit against the Miloglavs, individually and in their capacities as trustees for the Mato and Mare Miloglav Trust, and Does 1-50 Inclusive.

26.    On March 12, 2019, the Underlying Plaintiffs filed a First Amended Complaint, which added Ivanko as a Defendant in the Underlying Lawsuit. The First Amended Complaint asserted a total of thirteen causes of action, of which nine were asserted against Ivanko: (1) breach of implied warranty of habitability; (2) breach of

statutory warranty of habitability; (3) nuisance; (4) breach of covenant of quiet enjoyment; (5) negligence; (6) negligent violation of statutory duty; (7) intentional infliction of emotional distress; (8) unlawful business practices; and (9) violation of Civil Code § 1942.4. All causes of action asserted against Ivanko were made against her jointly with the Miloglavs. The remaining four causes of action were asserted against the Miloglavs only: (1) Lessor's Retaliation in violation of Santa Cruz County Code § 8.43.020; (2) Deceit; (3) Violation of Civil Code § 1942.5; and (4) Violation of Penal Code § 496.

27. The operative pleading in the Underlying Lawsuit is the Underlying Plaintiffs' Third Amended Complaint, filed on August 9, 2019. The Third Amended Complaint maintains all thirteen of the Underlying Plaintiffs' causes of action, all of which are asserted against the Miloglavs. As against Ivanko, the Third Amended Complaint asserts all causes of action except for Lessor's Retaliation. As with the First Amended Complaint, all claims asserted against Ivanko are asserted against her jointly with the Miloglavs.

28. A true, correct, and complete copy of the Third Amended Complaint in the Underlying Lawsuit is attached to this Complaint as **Exhibit 4**.

29. The Underlying Plaintiffs generally allege that they leased an apartment owned by the Miloglavs located in Watsonville, California, between April 15, 2017 and April 1, 2018.

30. The Underlying Plaintiffs claim that throughout their tenancy, the property suffered from severe habitability defects. The Underlying Plaintiffs allege that these defects were present from the beginning of their occupancy through the date they vacated the premises.

31. The Underlying Plaintiffs allege that the habitability defects included the presence of paint chips throughout the property as a result of work performed before their tenancy, exposure to excessively high levels of toxic contaminants, absence of heating due to a faulty thermostat, a leaking bathroom skylight, and that a bathroom skylight

cover flew off the roof. The Underlying Plaintiffs also alleged that the unit they rented from the Miloglavs was an illegal and unpermitted unit.

32. The Underlying Plaintiffs claim that these habitability defects arose, at least in part, as a result of the Miloglavs' and Ivanko's negligence.

33. The Underlying Plaintiffs further claim that they notified the Miloglavs and Ivanko of the problems they experienced at the property, but that the Miloglavs and Ivanko failed to have the defects timely repaired.

34. The Underlying Plaintiffs allege that Ivanko served as the Miloglavs' real estate manager throughout their tenancy at the property.

35. As a result of the allegations made against the Miloglavs and Ivanko in the Underlying Lawsuit, the Underlying Plaintiffs claim to have sustained damages, including for bodily injury.

**C. Hamilton's Coverage Denial**

36. The Miloglavs and Ivanko each tendered their respective defenses to Hamilton.

37. The Miloglavs tendered the dispute that ultimately led to the filing of the Underlying Lawsuit to Hamilton and requested a defense under the Hamilton Policy on or around June 26, 2018.

38. Hamilton denied coverage to the Miloglavs, stating that the pleadings in the Underlying Lawsuit failed to trigger the insuring agreements in the Hamilton Policy and, further, that exclusions in the Hamilton Policy operated to bar coverage to the Miloglavs completely.

39. By letter dated February 20, 2020, Ivanko tendered the Underlying Lawsuit to Hamilton.

40. By letter dated June 25, 2020, Hamilton denied coverage, stating that the pleadings in the Underlying Lawsuit failed to trigger the insuring agreements in the Hamilton Policy and, further, that exclusions in the Hamilton Policy operated to bar coverage to Ivanko completely.

41. A true, correct, and complete copy of Hamilton's denial letter to Ivanko is attached to this Complaint as **Exhibit 5**.

42. The Underlying Plaintiffs state claims against both the Miloglavs and Ivanko that potentially fall within the Hamilton Policy's coverage.

43. Hamilton's denial of coverage and refusal to participate in the defense of its insureds is without basis in its own policy language or California law, and is therefore unreasonable and without proper cause.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief – by All Plaintiffs)

44. Plaintiffs restate, reallege, and incorporate by reference the allegations asserted in the foregoing paragraphs as though set out in full herein.

45. An actual controversy has arisen and now exists between Plaintiffs and Hamilton regarding their respective rights and duties under the various insurance policies identified above. Plaintiffs contend that:

   a. The Underlying Plaintiffs state claims against both the Miloglavs and Ivanko that potentially fall within the Hamilton Policy's coverage.

   b. The Pleadings in the Underlying Lawsuit trigger Hamilton's duty to defend its insureds, the Miloglavs and Ivanko, under the insuring agreements in the Hamilton Policy.

   c. The exclusions in the Hamilton Policy do not preclude coverage to all claims asserted in the Underlying Lawsuit.

   d. No other policy defense that would completely preclude Hamilton's duty to indemnify ultimate liability with respect to all claims in the Underlying Lawsuit is available to Hamilton.

   e. Hamilton owes the Miloglavs and Ivanko, and each of them, a duty to defend with respect to the Underlying Lawsuit.

   f. Hamilton owes Voyager an obligation of contributing to the Miloglavs' and Ivanko's defense costs from the date of tender until such time as a

judgment in the Underlying Action is entered or other undisputed facts that preclude any possibility of liability to the Miloglavs or Ivanko that is covered under the terms of the Hamilton Policy.

46. Plaintiffs are informed and believe that Hamilton disputes these declarations.

47. Plaintiffs request that this Court declare the rights, obligations, and liabilities of the parties under the Hamilton Policy with respect to the Underlying Action. Specifically, Plaintiffs are entitled to a judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring and adjudging that Hamilton must participate in the defense of the Miloglavs and Ivanko.

48. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy between them as to these insurance coverage issues.

49. Accordingly, Plaintiffs request that this Court declare the relative rights, duties, and obligations of the parties to this action with regard to the Hamilton's duty to defend the Underlying Action. Specifically, Plaintiffs request that the Court declare that Hamilton has a duty to defend the Miloglavs and Ivanko under the terms of its policy and California law and must therefore participate in the defense currently being provided.

## SECOND CLAIM FOR RELIEF

### (Contribution – by Voyager)

50. Voyager restates, realleges, and incorporates by reference the allegations asserted in the foregoing paragraphs as though set out in full herein.

51. Voyager and Hamilton are coinsurers of the Miloglavs. Hamilton insured the Miloglavs, as relevant to the Underlying Lawsuit, from March 1, 2017 to March 1, 2018, while Voyager insured the Miloglavs from March 1, 2018 to March 1, 2019.

52. The Underlying Plaintiffs allege that they sustained damages as a result of the Miloglavs' conduct in the effective period of the Hamilton Policy and the effective period of the Voyager Policy.

53. The Underlying Plaintiffs' allegations in the Underlying Lawsuit trigger the insuring agreement in the Hamilton Policy with respect to the Miloglavs.

54. No exclusion or other policy defense completely bars potential coverage to the Miloglavs under the Hamilton Policy.

55. The Miloglavs tendered their defense to Hamilton, but Hamilton improperly denied coverage. Hamilton has not defended the Miloglavs in the Underlying Lawsuit.

56. Voyager has defended the Miloglavs in the Underlying Lawsuit since November 27, 2018 based on their tender of the Underlying Lawsuit to Voyager dated July 6, 2018. In connection with its defense of the Miloglavs, Voyager has incurred defense costs in which Hamilton is obligated to share.

57. Accordingly, Voyager is entitled to a judgment representing Hamilton's share of the cost to defend the Miloglavs in the Underlying Lawsuit that it has and will have (at the time of judgment) incurred, running from the date of the Miloglavs' tender to Hamilton.

### THIRD CLAIM FOR RELIEF

### (Contribution – by Voyager)

58. Voyager restates, realleges, and incorporates by reference the allegations asserted in the foregoing paragraphs as though set out in full herein.

59. Under both the Hamilton Policy and Voyager Policy, Ivanko qualifies as an insured due to her alleged service, at all times relevant to this action and the allegations in the Underlying Action, as the Miloglavs' real estate manager.

60. The Underlying Plaintiffs allege in the Underlying Lawsuit that they sustained damages as a result of Ivanko's alleged conduct during the effective periods of the Hamilton Policy and the Voyager Policy.

61. The Underlying Plaintiffs' allegations in the Underlying Lawsuit trigger the insuring agreement in the Hamilton Policy with respect to Ivanko.

62. No exclusion or other policy defense completely bars potential coverage to Ivanko under the Hamilton Policy.

63. Ivanko tendered her defense to Hamilton on February 20, 2020, but Hamilton improperly denied coverage. Hamilton has not defended Ivanko in the Underlying Lawsuit.

64. Voyager has defended Ivanko against the Underlying Action since June 19, 2019. Hamilton is obligated under the terms of the Hamilton Policy to share in these defense costs with Voyager.

65. Accordingly, Voyager is entitled to a judgment representing Hamilton's share of the cost to defend Ivanko in the Underlying Lawsuit that it has and will have (at the time of judgment) incurred, running from the date of Ivanko's tender to Hamilton.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract – by the Miloglavs)

66. The Miloglavs restate, reallege, and incorporate by reference the allegations asserted in Paragraphs 1-49 as though set out in full herein.

67. The Hamilton Policy is a binding contract between the Miloglavs and Hamilton that was in existence at the time the Underlying Lawsuit was filed and remains in existence at present.

68. The Miloglavs performed their obligations under the Hamilton Policy.

69. By refusing to participate in the Miloglavs' defense against the Underlying Lawsuit, Hamilton breached the Hamilton Policy.

70. As a result of Hamilton's breach of the Hamilton Policy, the Miloglavs have incurred, and are likely to incur in the future, defense costs beyond those covered by Voyager.

## FIFTH CLAIM FOR RELIEF

### (Bad Faith – by the Miloglavs)

71. The Miloglavs restate, reallege, and incorporate by reference the allegations asserted in Paragraphs 1-49 and 66-70 as though set out in full herein.

72. The causes of action in the Underlying Lawsuit state claims against the Miloglavs that potentially fall within the Hamilton Policy's coverage.

73. The causes of action against the Miloglavs in the Underlying Lawsuit are not completely barred by operation of exclusion or other policy defense.

74. Accordingly, Hamilton owes the Miloglavs a duty to defend with respect to the Underlying Lawsuit.

75. The Miloglavs timely notified Hamilton of the Underlying Lawsuit and requested that it participate in their defense against the Underlying Plaintiffs' claims.

76. Hamilton denied coverage for and refused to participate in the defense of the Miloglavs in the Underlying Lawsuit.

77. Hamilton's denial of coverage to the Miloglavs is unreasonable and without basis in the language of the Hamilton Policy or California law.

78. Hamilton's unreasonable denial of coverage to the Miloglavs was not prompted by an honest mistake, bad judgment, or negligence. Rather, Hamilton's denial of coverage was a conscious and deliberate act taken to deny benefits owed to the Miloglavs under the terms of the Hamilton Policy and California law.

79. Hamilton's denial of coverage unfairly frustrates the purposes of the Hamilton Policy, which obligates Hamilton to defend the Miloglavs against any potentially covered liability.

80. Hamilton's denial of coverage disappoints the Miloglavs' reasonable expectations as to coverage and deprives them of the benefits of the agreement, specifically a complete defense against the Underlying Lawsuit.

81. As a result of Hamilton's tortious conduct, the Miloglavs have incurred, and are likely to incur in the future, defense costs for which they are personally responsible beyond those covered under the Voyager Policy and other damages to be proved at trial.

### SIXTH CLAIM FOR RELIEF

**(Breach of Contract – by Ivanko)**

82. Ivanko restates, realleges, and incorporates by reference the allegations asserted in Paragraphs 1-49 as though set out in full herein.

83. The Hamilton Policy is a binding contract between Ivanko and Hamilton that

was in existence at the time the Underlying Lawsuit was filed and remains in existence at present. While Ivanko is not a named insured shown on the Hamilton Policy's declaration pages, the provisions of the Hamilton Policy provide that Ivanko is treated as an insured by virtue of her alleged service as the Miloglavs' real estate manager.

84. The Miloglavs and Ivanko performed their obligations under the Hamilton Policy.

85. By refusing to participate in Ivanko's defense against the Underlying Lawsuit, Hamilton breached the Hamilton Policy.

86. As a result of Hamilton's breach of the Hamilton Policy, Ivanko has incurred, and is likely to incur in the future, defense costs beyond those covered by Voyager.

## SEVENTH CLAIM FOR RELIEF

### (Bad Faith – by Ivanko)

87. Ivanko restates, realleges, and incorporates by reference the allegations asserted in Paragraphs 1-49 and 82-86 as though set out in full herein.

88. The causes of action in the Underlying Lawsuit state claims against Ivanko that potentially fall within the Hamilton Policy's coverage.

89. The causes of action against Ivanko in the Underlying Lawsuit are not completely barred by operation of exclusion or other policy defense.

90. Accordingly, Hamilton owes Ivanko a duty to defend with respect to the Underlying Lawsuit.

91. Ivanko timely notified Hamilton of the Underlying Lawsuit and requested that it participate in the defense against the Underlying Plaintiffs' claims.

92. Hamilton denied coverage for and refused to participate in the defense of Ivanko in the Underlying Lawsuit.

93. Hamilton's denial of coverage to Ivanko is unreasonable and without basis in the language of the Hamilton Policy or California law.

94. Hamilton's unreasonable denial of coverage to Ivanko was not prompted by an honest mistake, bad judgment, or negligence. Rather, Hamilton's denial of coverage

was a conscious and deliberate act taken to deny benefits owed to Ivanko under the terms of the Hamilton Policy and California law.

95. Hamilton's denial of coverage unfairly frustrates the purposes of the Hamilton Policy, which obligates Hamilton to defend Ivanko against any potentially covered liability.

96. Hamilton's denial of coverage disappoints Ivanko's reasonable expectations as to coverage and deprives her of the benefits of the agreement, specifically a complete defense against the Underlying Lawsuit.

97. In denying coverage more than four months after the lawsuit was tendered, Hamilton unreasonably delayed its claim decision, particularly given that the issues cited in its letter denying coverage formed an identical or substantially similar basis for its denial as it had made in previously denying coverage to the Miloglavs.

98. As a result of Hamilton's tortious conduct, Ivanko has incurred defense costs for which she is personally responsible beyond those covered under the Voyager Policy and other damages to be proved at trial.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Hamilton as follows:

**On the First Claim for Relief, for Declaratory Relief against Hamilton, all Plaintiffs pray for judgment as follows:**

1. For an order declaring and adjudging in Plaintiffs' favor on each of the points raised in Paragraph 45, subparagraphs a-f;

2. For attorneys' fees, witness costs, and costs of litigation incurred by Plaintiffs to procure relief against Hamilton;

3. For costs of suit herein; and

4. For such other relief as the Court deems just and proper.

**On the Second Claim for Relief, for Contribution, Voyager prays for judgment as follows:**

1. For damages to Voyager from Hamilton's failure to provide benefits due to

the Miloglavs under the Hamilton Policy resulting in Voyager's assumption of all defense costs with respect to the Underlying Lawsuit;

    2.    For attorneys' fees, witness costs, and costs of litigation incurred by Voyager to procure relief against Hamilton;

    3.    For costs of suit herein; and

    4.    For such other relief as the Court deems just and proper.

**On the Third Claim for Relief, for Contribution, Voyager prays for judgment as follows:**

    1.    For damages to Voyager from Hamilton's failure to provide benefits due to Ivanko under the Hamilton Policy resulting in Voyager's assumption of defense costs with respect to the Underlying Lawsuit;

    2.    For attorneys' fees, witness costs, and costs of litigation incurred by Voyager to procure relief against Hamilton;

    3.    For costs of suit herein; and

    4.    For such other relief as the Court deems just and proper.

**On the Fourth and Fifth Claim for Relief, for Breach of Contract and Insurance Bad Faith, the Miloglavs pray for judgment as follows:**

    1.    For damages in an amount to be proved at trial;

    2.    For attorneys' fees, witness costs, and costs of litigation incurred by the Miloglavs to procure relief against Hamilton;

    3.    For costs of suit herein; and

    4.    For such other relief as the Court deems just and proper.

**On the Sixth and Seventh Claims for Relief, for Breach of Contract and Insurance Bad Faith, Ivanko prays for judgment as follows:**

    1.    For damages in an amount to be proved at trial;

    2.    For attorneys' fees, witness costs, and costs of litigation incurred by Ivanko to procure relief against Hamilton;

    3.    For costs of suit herein; and

4. For such other relief as the Court deems just and proper.

Dated: November 2, 2020          TITTMANN WEIX LLP


By: */s/ Raymond J. Tittmann*
    Raymond J. Tittmann
    Robert D. Whitney

Attorneys for Plaintiff Voyager Indemnity Insurance Company


Dated: November 2, 2020          LEWIS & LLEWELLYN LLP


By: */s/ Paul T. Llewellyn (with permission)*
    Paul T. Llewellyn
    Kenneth Walczak

Attorneys for Plaintiffs Mato Miloglav, Mare Miloglav, and Annette Ivanko